J-S93022-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NAHBEEL RICHARDSON | |
| Appellant | No. 3567 EDA 2015 |

Appeal from the PCRA Order dated October 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012190-2008

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED MARCH 20, 2017**

Appellant Nahbeel Richardson appeals *pro se* from the order dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. The PCRA court dismissed Appellant's petition as untimely, and we affirm.

The procedural posture is as follows:

> On March 2, 2010, [A]ppellant was found guilty following a jury trial of Involuntary Deviate Sexual Intercourse, Unlawful Contact with a Minor, Corruption of Minors, and Indecent Assault.[1] Sentencing was scheduled for August 30, 2010. On that date[,] Appellant was sentenced to an aggregate incarceration sentence of ten (10) to twenty (20) years followed by a probation term of two (2) years.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3123(a)(1), 6318(a)(1) 6301(a)(1), and 3126(a)(2), respectively.

Appellant filed a timely direct appeal on September 13, 2010.[2] [The] Superior Court affirmed the trial court's decision on April 5, 2012.[3] Appellant did not file a petition [for review] with the Supreme Court.

On July 23, 2012, [A]ppellant filed a *pro se* Post-Conviction Relief Act Petition.[4] He then filed an amended petition on May 21, 2013.[5] PCRA counsel was appointed to represent [A]ppellant and subsequently filed a "*Finley*" letter on November 13, 2013[,] stating that Appellant's claims in the PCRA petition were without merit.[6] A Notice of Intent to Dismiss pursuant to Pa.R.Crim.P.[] 907 was sent to Appellant on December 31,

---

[2] Appellant's direct appeal claimed that the trial court abused its discretion by admitting the victim's prior consistent statement. *Commonwealth v. Richardson*, 2603 EDA 2010 (Pa. Super., April 5, 2012) (unpublished mem. at 2).

[3] We held that Appellant had waived the issue by failing to object at trial. *Richardson*, 2603 EDA 2010 at 3.

[4] Appellant's first PCRA petition was timely, as it was filed within one year of May 5, 2012, the date his judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(1), (3); Pa.R.A.P. 1113.

[5] In his first PCRA petition, Appellant claimed that his trial counsel was ineffective for failing to preserve the issue he raised on direct appeal, and also for failing to impeach the victim, to make an argument based on DNA evidence found at the scene, and to call other witnesses at trial.

[6] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), requires PCRA counsel wishing to withdraw to issue a "no-merit" letter to the petitioner listing each claim the petitioner wishes to have reviewed, describing the extent to which those claims were reviewed, and explaining why the petitioner's issues are meritless. The *Finley* letter must be attached to counsel's petition to withdraw, which must also include a statement advising the petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

2013.[7] The PCRA petition was formally dismissed on March 25, 2014.[8] Appellant did not file a direct appeal to this order.

On March 20, 2015[,] Appellant filed a second PCRA petition. This petition was dismissed as untimely on October 28, 2015.[9] Appellant filed a timely direct appeal on November 17, 2015.[10]

PCRA Ct. Op., 6/3/16, at 1-2 (some italicization and footnotes omitted; formatting added).

Appellant presents the following issues for our review:

1.) Did the P.C.R.A. court commit an error in regards to denying and/or dismissing Appellant[']s initial P.C.R.A. and not issuing an order stating such?

_____

[7] A copy of this notice does not appear in the record.

[8] The order issued by the court did not specify that Appellant had thirty days in which to appeal the dismissal, which was required pursuant to Pa.R.Crim.P. 907(4). Rule 907 also required that a copy of the order be sent to Appellant by certified mail, return receipt requested, *see id.*, but it is unclear from the record whether the order was mailed in that way. As discussed below, Appellant now claims that he learned of the dismissal a few weeks after it was entered, through documents he received from the court in response to a request he made for a status sheet.

[9] The PCRA court issued a Rule 907 notice of intent to dismiss on October 6, 2015. The order was addressed to Appellant at the state correctional institution where he was incarcerated. It stated, "Your petition is untimely filed and does not invoke an exception to the timeliness provision of the Post Conviction [R]elief Act." Order, 10/6/15. It was accompanied by a Proof of Service signed by the law clerk for the PCRA court judge, and indicated that it was sent to Appellant via first class mail. According to the docket, Appellant filed no response to the Rule 907 notice.

[10] Appellant was not ordered by the PCRA court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal; however, Appellant filed one *pro se* concurrently with his Notice of Appeal.

2.) Did the P.C.R.A. court err[] in denying Appellant[']s second/subsequent P.C.R.A. without initially ordering the denial of the [previous petition]?

3.) Did the P.C.R.A. court abuse it[]s discretion in dismissing the P.C.R.A. petition without addressing the cognizable claims for relief, such as:

> a.) the layered constitutional ineffective assistance of counsel, U.S.C.A. 6th Amendment, per trial, direct appeal and initial P.C.R.A. court-appointed counsel.

> b.) Appellant[']s trial counsel labored to an impartial jury, creating a conflict of interest which is in direct violation with Appellant[']s 6th Amendment[] right[] to properly present a prima facie case in establishing actual innocence.

> c.) In regards to the U.S.C.A. 6th Amendment, Appellant['s] trial counsel rendered constitutionally ineffective in their failure to act in due diligence in not properly preserving issues to be raised on Appellant['s] direct appeal – a miscarriage of justice, which violates due process, U.S.C.A. 5th, 7th, and 14th Amendments.

> d.) Appellant[']s sentence, which was instituted solely on the nature of the crime, the age of the complainant and not the factual basis of the Appellant['s] trial, which is clearly unreasonable.

> e.) Appellant[']s Commonwealth, federal and constitutional rights ha[ve] been disregarded in their entirety by subjecting the Appellant to a lifetime registration under Megan['s] law.

Appellant's Brief at 4.

Our standard of review of the dismissal of a PCRA petition is as follows:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and

the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

We begin our review with the timeliness of Appellant's petition, as the timeliness of a PCRA petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). When a petition is untimely, the PCRA court is precluded from reaching the merits of the petition. ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). An appellant has thirty days after a decision of this Court to request review by the Supreme Court of Pennsylvania. Pa.R.A.P. 1113.

Here, this Court affirmed the trial court's decision on Appellant's direct appeal from his sentence on April 5, 2012. Appellant's judgment of sentence

therefore became final thirty-two days later, on Monday, May 7, 2012,[11] and Appellant had one year, until May 7, 2013, to file a timely PCRA petition. Appellant did not file the instant petition, his second, until March 20, 2015; it is therefore untimely.

However, exceptions to the time-bar apply when the petition alleges and the petitioner proves one of the following:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions "must be filed within sixty days of the date the claim could first have been presented." *Hernandez*, 79 A.3d at 651-52; *see also* 42 Pa.C.S. § 9545(b)(2).

---

[11] *See generally* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

"The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." **Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012). Generally, a claim of ineffectiveness does not constitute a "fact" for purposes of the timeliness exception allowed by 42 Pa.C.S. § 9545 (b)(1)(ii). **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785-86 (Pa. 2000). Asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal. **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007), **appeal denied**, 959 A.2d 927 (Pa. 2008).

Here, the trial court found:

> Appellant's current PCRA petition is clearly untimely as it was filed one (1) year and ten (10) months after the deadline stated above. Additionally he does not plead in his petition any exception to the timeliness requirements. This court does not find any possible exception to the timeliness requirements. In Appellant's second PCRA petition[,] he merely reargues the merits of his first PCRA petition, which in turn were disposed of in his direct appeal by [the] Superior Court. Therefore [] Appellant's second PCRA petition does not meet any of the exceptions to the timeliness requirement and should be dismissed.

PCRA Ct. Op. at 2-3.

We agree with the PCRA court that Appellant failed to successfully plead an exception to the PCRA's time-bar. In his petition, Appellant checked the boxes indicating that his petition is timely based on the exceptions provided by Section 9545(b)(1)(ii) (previously unknown facts) and (iii) (newly recognized constitutional right); but he provided no explanation for

how these exceptions apply to his case. In the Memorandum of Law accompanying the petition, Appellant made no mention of the timeliness requirements at all.

Along with the petition and memorandum, Appellant filed a document entitled, "Petitioner's Memorandum of Law Supporting Motion to Amend Pending Motion for Post Conviction Relief." In it, Appellant requested leave to amend his first PCRA petition (filed on July 23, 2012). He made this request based on his having filed an improper form,[12] with an improper caption,[13] and an improper title.[14] We note that none of these alleged errors was the basis of the dismissal of his first PCRA petition, and that Appellant was aware that his first petition had been dismissed. We therefore see no reason why the PCRA court would have or could have disturbed the disposition of his first petition based on this document. More importantly, this document did not mention the PCRA's timeliness requirements or make any attempt to justify the delay in filing his second PCRA petition. It claimed only that amendments to PCRA petitions are liberally allowed (citing

_____

[12] Appellant alleged he improperly used a form styled by the Department of Corrections rather than by a Court of Common Pleas.

[13] Appellant claimed he incorrectly listed the Commonwealth as plaintiff on his first PCRA petition.

[14] Appellant stated that his first PCRA petition did not cite the statutes providing for post-conviction relief, 42 Pa.C.S. §§ 9541-9546.

*Commonwealth v. Dennis*, 950 A.2d 945, 959 n.11 (Pa. 2008)), and that the pleadings of *pro se* litigants should be liberally construed (citing *Haines v. Kerner*, 404 U.S. 519 (1972)). This filing therefore has no bearing on the untimeliness of Appellant's second PCRA petition.

In his brief on this appeal, Appellant makes a new effort to assert that his second petition is timely. *See* Appellant's Br. at 9-10. He claims that he did not receive notice that his first PCRA petition had been dismissed until April 7, 2014, after he requested a status sheet from the Philadelphia Clerk of Courts. *Id.* at 5.[15] Because he claims he did not receive proper notice of the dismissal pursuant to Rule 114 of the Rules of Criminal Procedure, Appellant requests that his first petition be reinstated and his second petition be treated as an amended version of the first. *Id.* at 10. Appellant also claims, for the first time on appeal, that the court-appointed counsel on his first PCRA petition provided ineffective assistance. *Id.* at 13.[16]

_____

[15] Appellant appends to his brief a copy of the letter he sent to the PCRA court on March 31, 2014, requesting a copy of his "status sheet" and the docket. It is stamped as "Received, April 03, 2014, Clerk of Court," and followed by portions of Appellant's docket sheet which were printed on April 3, 2014, and March 27, 2015. This correspondence between Appellant and the PCRA court is not in the certified record.

[16] Appellant states: "court-appointed PCRA Counsel . . . failed to amend Appellant['s] initial PCRA petition upon Appellant['s] request via nunc pro tunc requesting the reinstatement of Appellant['s] direct appella[te] rights." Appellant's Br. at 13 (capitalization omitted).

Appellant is not entitled to relief for two reasons. First, Appellant was obligated to plead and prove an exception to the timeliness requirements when he was before the PCRA court. Appellant's second PCRA petition did not plead and prove his lack of notice of the dismissal of his first PCRA petition, and Appellant cannot rectify this fact by now including this information in a new argument to this Court. *See Burton*, 936 A.2d at 525 (asserted exceptions to the time restrictions in the PCRA must be included in the petition and may not be raised for the first time on appeal).

Second, Appellant has failed to state a claim within any of the three timeliness exceptions under Section 9545(b)(1).[17] His argument seems to fall most closely within the purview of § 9545(b)(1)(ii), which provides an exception for "facts" which were unknown to the petitioner and could not have been ascertained by the exercise of due diligence. Here, the alleged unknown fact is the PCRA court's dismissal of Appellant's first petition. We recognize that a prisoner's failure to receive a court order can sometimes make entry of that order an unknown fact. *See, e.g.*, *Commonwealth v. Bennett*, 930 A.2d 1264, 1272-74 (Pa. 2007) (finding that failure to receive notice that an appeal has been dismissed is a "fact" under § 9545(b)(1)(ii); stating that it should not be presumed that a prisoner is always aware of the

---

[17] Appellant's brief cites Section 9545(b)(2). This subsection pertains to each of the three timeliness exceptions of Section 9545(b)(1)(i)-(iii); Appellant does not specify which of those three exceptions applies to his case.

status of his own case, albeit a matter of public record; and holding that a petition is timely when filed within sixty days of diligent discovery of complete deprivation of appellate rights). Here, however, Appellant says that he learned of the dismissal on April 7, 2014, less than two weeks after entry of the dismissal order. Appellant nonetheless waited until March 20, **2015**, to file his second petition. He therefore missed the sixty-day window of Section 9545(b)(2) by the better part of a year. This lack of diligence on Appellant's part in filing his second petition makes that petition untimely. It also does not warrant reinstatement of his right to appeal the dismissal of his first petition.

Because Appellant failed to plead and prove any exception to the time-bar for his second PCRA petition, we agree with the PCRA court that it lacked jurisdiction to entertain the merits of the petition. **See Lawson**, 90 A.3d at 4 (stating a PCRA court lacks jurisdiction to consider an untimely petition); **Jones**, 54 A.3d at 17 (noting it is a petitioner's burden to prove a timeliness exception). Accordingly, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2017

- 11 -